IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-1220-L-BN |
| | § | |
| ARISE VIRTUAL SOLUTIONS INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING
<u>PRELIMINARY INJUNCTION MOTION</u>**

Plaintiff Kimberly Johnson paid the fee to file a *pro se* complaint against

Defendant Arise Virtual Solutions Inc. ("Arise") that includes claims under the Fair

Labor Standards Act, a federal statute. *See* Dkt. No. 3.

And United States District Judge Sam A. Lindsay referred Johnson's lawsuit

to the undersigned United States magistrate judge for pretrial management under

28 U.S.C. § 636(b).

On April 17, 2026, Johnson filed a proof of service, a declaration from Lelean

Tyler, stating that Arise was served "by depositing the complaint via commercial mail

[under a specified] commercial tracking number … with signature requested" and

that service "was completed on [April 17] signed by the registered agent's agent,

Johnson at CT Corporation System." Dkt. No. 5.

Three days later, Johnson moved for a preliminary injunction ("PI") against

Arise. *See* Dkt. No. 6.

Although Johnson requests expedited consideration of the PI motion, she

clarifies that she "is not requesting an ex parte temporary restraining order through this motion." *Id.* at 8.

And, while a party may obtain an ex parte TRO if an application meets Federal Rule of Civil Procedure 65(b)(1)'s ex parte standards, the failure to meet those standards is alone enough reason to deny the application. *See Breitling v. LNV Corp.*, No. 3:14-cv-3322-M, 2014 WL 5510857, at *1 (N.D. Tex. Oct. 28, 2014) (Rule 65(b)(1) "permits this Court to issue a temporary restraining order only if 'specific facts *in an affidavit or a verified complaint* clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the [*pro se* movant or] movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required'" (quoting FED. R. CIV. P. 65(b)(1); further observing that, "[p]ursuant to Local Rule 83.14, '[p]ro se parties must read and follow the local civil rules of this court and the Federal Rules of Civil Procedure'")).

But "[a] preliminary injunction cannot be issued without notice to the adverse party." *Green Ice Tech. v. Ice COLD 2, LLC*, No. 4:17-CV-00341-ALM-CAN, 2017 WL 11667640, at *4 (E.D. Tex. July 7, 2017) (citing FED. R. CIV. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."); *ADT, LLC v. Capital Connect, Inc.*, 141 F. Supp. 3d 671, 683 (N.D. Tex. 2015)), *rec. adopted*, 2017 WL 11667638 (E.D. Tex. July 27, 2017).

"This notice affords the opposing party a fair opportunity to oppose the preliminary injunction." *Id.* (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters*,

415 U.S. 423, 432 n.7 (1974)).

And "[c]ompliance with the notice provision is mandatory except where 'no facts are in dispute' or 'where the other party has received a long period of actual notice but no formal notice.'" *Id.* (cleaned up; quoting *Parker v. Ryan*, 960 F.2d 543, 544-45 (5th Cir. 1992); citing *ADT*, 145 F. Supp. 3d at 683-84).

Courts have noted that where a defendant has not been served, any attempt to obtain a TRO against that defendant is ex parte. *See Holloway v. Park*, No. 4:25-cv-1128-P, 2025 WL 3209686, at *1 (N.D. Tex. Oct. 14, 2025) ("At this time, no Defendant has been served; as such, this is an ex parte application for a TRO." (citing FED. R. CIV. P. 65(b)(1))), *finding rec. mooted*, 2025 WL 2970126 (N.D. Tex. Oct. 21, 2025).

Relatedly, while Johnson filed proof of service on Arise as to the complaint prior to filing the PI motion, that proof does not, on its face, establish that service on Arise was proper under Rule 4 where that service was accomplished by mail and the proof of service does not, for example, reflect that the person mailing that service was authorized to do so under Texas law. *See* FED. R. CIV. P. 4(h)(1)(A); FED. R. CIV. P. 4(e)(1); TEX. R. CIV. P. 106(a)(2); TEX. R. CIV. P. 103; *see also Carter v. EZ Flo Int'l*, No. 6:22-CV-00094-JDK, 2022 WL 17541407, at *7 (E.D. Tex. Sept. 2, 2022), *rec. adopted*, 2022 WL 17091857 (E.D. Tex. Nov. 21, 2022).

Add to that, Johnson states in the PI motion's certificate of service: "I certify that on the date this document is filed, April 20, 2026, I will serve a true and correct copy of this Motion and the supporting appendix on [Arise] by depositing this motion in commercial mail with tracking and signature requested." Dkt. No. 6 at 34.

But, at least until Arise appears in this action, it seems inconsistent with the notice requirement to allow Johnson, as a party to this lawsuit, to serve the PI motion on Arise. *Cf.* FED. R. CIV. P. 4(c)(2); TEX. R. CIV. P. 103; *Deutsche Bank Nat'l Tr. Co. as Tr. for Argent Sec. Inc., Asset-Backed Pass-Through Certificates, Series 2006-W5 v. Morris*, 350 F.R.D. 367, 369 (N.D. Tex. 2025) ("[U]nder Federal Rule of Civil Procedure 5(a), 'personal service of the summons and complaint is not required in order to serve an amended complaint' only once a party has "already appeared in the litigation.'" (quoting *Taylor v. El Centro Coll.*, No. 3:21-cv-999-D-BH, 2022 WL 581812, at *1 (N.D. Tex. Feb. 25, 2022) (citing *Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449 n.7 (5th Cir. 1985); collecting other cases); citing 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1146 (4th ed.) ("[I]t is clear that amended or supplemental pleadings must be served on parties who have not yet appeared in the action in conformity with Rule 4." (footnote omitted))).

And, so, the undersigned will take no action on the pending PI motion unless or until Johnson establishes that Arise has properly been provided required notice. *Cf. Hagar v. Fed. Bureau of Investigation*, 170 F.4th 946, 951 (5th Cir. 2026) (finding that an order that address but leaves unresolved a dispositive motion "to be a proper exercise of the magistrate judge's pretrial docket-management authority").

SO ORDERED.

DATED: April 20, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 4 -